IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| RICARDO A. CASTILLO, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil Action No. 04-210 GMS |
| | ) | |
| SUPERVISOR FRANK COSTAN, | ) | |
| COUNSELOR VIDA DAWKINS, and | ) | |
| CIVIGENICS PROGRAM, | ) | |
| | ) | |
| Defendants. | ) | |

## **O R D E R**

At Wilmington this 10th day of March, 2005;

IT IS ORDERED that the plaintiff's motion for appointment of counsel (D.I. 4) is denied without prejudice to renew. The plaintiff, a *pro se* litigant proceeding *in forma pauperis*, has no constitutional or statutory right to appointed counsel in a civil case. *See Parham v. Johnson*, 126 F.3d 454, 456-57 (3d Cir. 1997); *Tabron v. Grace*, 6 F.3d 147, 153-54 (3d Cir. 1993). It is within this court's discretion, however, to seek representation by counsel for the plaintiff, but this effort is made only "upon a showing of special circumstances indicating the likelihood of substantial prejudice to [the plaintiff] resulting from [the plaintiff's] probable inability without such assistance to present the facts and legal issues to the court in a complex but arguably meritorious case." *Tabron*, 6 F.3d at 155 (representation by counsel may be appropriate under certain circumstances, after a finding that a plaintiff's claim has arguable merit in fact and law).

Having reviewed the plaintiff's complaint, the court finds that his allegations are not of such a complex nature that representation by counsel is warranted at this time. The various papers and pleadings submitted by the plaintiff reflect an ability to coherently present his arguments.

_____/s/_____
UNITED STATES DISTRICT JUDGE