IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| RICARDO A. CASTILLO, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Civ. No. 04-210-GMS |
| | ) |
| FRANK COSTAN, VIDA DAWKINS, | ) |
| and CIVIGENICS PROGRAM, | ) |
| | ) |
| Defendants. | ) |

**MEMORANDUM**

Ricardo A. Castillo ("Castillo"),  a former inmate at the Howard R. Young Correctional

Institution ("HRYCI") , Wilmington, Delaware, brings this lawsuit pursuant to 42 U.S.C. § 1983.

He appears *pro se* and was granted permission to proceed *in forma pauperis* pursuant to 28

U.S.C. § 1915.  (D.I. 5.)   A review of the file indicated that Castillo has been released from

prison.  As a result, on January 17, 2006, Castillo was ordered to pay the balance of the filing fee

owed or to submit a new application to proceed *in forma pauperis.*  (D.I. 12.)  It was recently

determined that the entire filing has been paid.  Therefore, the January 17, 2006 and March 30,

2006 orders (D.I. 12) are vacated.  The court now proceeds to review and screen the complaint

pursuant to 28 U.S.C. § 1915 and § 1915A.

For the reasons discussed below, the claim against Civigenics Program is dismissed

pursuant to 28 U.S.C. § 1915(e)(2)(B) and § 1915A(b)(1) as it is immune from suit.

**I.    THE COMPLAINT**

Castillo seeks to assert liability against Supervisor Frank Costan ("Costan"), Counselor

Vida Dawkins ("Dawkins"), and the Civigenics Program[1] ("CiviGenics") pursuant to 42 U.S.C. § 1983. Castillo claims the defendants violated his First Amendment right to free speech, and although it is not quite clear, appears to claim he was retaliated against for exercising this right.

More particularly, in his complaint Castillo describes an altercation between two inmates that occurred on December 22, 2003. The two inmates, one Hispanic and the other Black were separated. Castillo alleges he took the Hispanic inmate to his cell and stayed with him while the inmate "cooled off." He alleges that Dawkins, who was sent to investigate the matter, did not attempt to find out the Hispanic inmate's version of the events, and that she sided with the Black inmate. Castillo alleges that Dawkins then meted out punishment to the Hispanic inmate and not the Black inmate. When Castillo learned of this he protested, and because Dawkins was far away, Castillo yelled and shouted at her. Castillo alleges that Dawkins became angry and yelled at him.

Castillo further alleges that Costan was aware of the on-going racial disparities but covered it up and threatened inmates with "30 days" if it was mentioned to the Department of Correction. Castillo makes allegations of crack cocaine smoking, and cigarette and porn sales at the institution. He alleges that he submitted written complaints regarding the activities, but the complaints kept disappearing, and that Costan tried to "shut him up". Castillo alleges that because he stood up for what he believed in, he was accused of being a threat and accused of threatening a counselor.

Castillo alleges his that First Amendment right to free speech was violated because he

_____

[1]Civigenics administers a drug rehabilitation program for incarcerated addicts through a contract with the State of Delaware. *Hamilton v. Civigenics*, No. 03-826-GMS, 2005 WL 418023, at *1 n. 2 (D.Del. Feb. 22, 2005).

was acting on his own words, he only voiced his beliefs, and that is not a crime.  The complaint

alleges that Castillo was "sent to the hole" on December 24, 2003.  While the complaint does not

does not provide any facts regarding this apparent disciplinary measure, the court notes that the

action occurred very close in time to Castillo's protest of Dawkins' actions.

As to Civigenics, Castillo alleges that it does not have Spanish speaking counselors and

that it provides treatment without helping individuals with drug problems.  Castillo alleges that

Civigenics is robbing the State of Delaware when it makes claims of rehabilitating people who

cannot speak English.   Castillo seeks compensatory and punitive damages.

## II.   STANDARD OF REVIEW

When a litigant proceeds *in forma pauperis,* 28 U.S.C. § 1915 provides for dismissal

under certain circumstances.  When a prisoner seeks redress in a civil action, 28 U.S.C. § 1915A

provides for screening of the complaint by the court. Both 28 U.S.C. § 1915(e)(2)(B) and §

1915A(b)(1) provide that the court may dismiss a complaint, at any time, if the action is

frivolous, malicious, fails to state a claim upon which relief may be granted or seeks monetary

relief from a defendant immune from such relief.  An action is frivolous if it "lacks an arguable

basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989).

The court must "accept as true factual allegations in the complaint and all reasonable

inferences that can be drawn therefrom." *Nami v. Fauver*, 82 F.3d 63, 65 (3d Cir. 1996)(citing

*Holder v. City of Allentown*, 987 F.2d 188, 194 (3d Cir. 1993)).  Additionally, *pro se* complaints

are held to "less stringent standards than formal pleadings drafted by lawyers" and can only be

dismissed for failure to state a claim when "it appears 'beyond doubt that the plaintiff can prove

no set of facts in support of his claim which would entitle him to relief.'" *Haines v. Kerner*, 404

3

U.S. 519, 520-521 (1972)(quoting *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957)).

## III.   ANALYSIS

### A.   Retaliation/Free Speech

Liberally construing the complaint, Castillo alleges that he was sent to "the hole" for protesting Dawkins' punishment of a Hispanic inmate and complaining of illicit activities that were taking place at the penal institution. "Retaliation for the exercise of constitutionally protected rights is itself a violation of rights secured by the Constitution actionable under section 1983". *White v. Napoleon,* 897 F.2d 103, 111-12 (3d Cir. 1990). It has long been established that the First Amendment bars retaliation for protected speech. *See Crawford-El v. Britton,* 523 U.S. 574, 592 (1998); *Milhouse v. Carlson,* 652 F.2d 371, 373-74 (3d Cir. 1981). Proof of a retaliation claim requires that Castillo demonstrate (1) he engaged in protected activity; (2) he was subjected to adverse actions by a state actor; and (3) the protected activity was a substantial motivating factor in the state actor's decision to take adverse action. *Anderson v. Davila,* 125 F.3d 148, 160-61 (3d Cir. 1997) (citing *Mt. Healthy City Sch. Dist. Bd. of Educ. v. Doyle*, 429 U.S. 274 (1977); *see also Allah v. Seiverling*, 229 F.3d 220, (3d Cir. 2000) (a fact finder could conclude that retaliatory placement in administrative confinement would "deter a person of ordinary firmness from exercising his First Amendment rights" (citations omitted)).

Applying the retaliation standard and construing the complaint liberally, Castillo has stated a claim of retaliation for his exercise of a First Amendment right. Indeed, in light of Castillo's assertions, it may be inferred that he was the object of retaliation because of speaking out against Dawkins' actions and complaint of activities at the prison he believed were illegal.

4

**B.     Eleventh Amendment**

Castillo attempts to state a claim against Civigenics for not having a Spanish speaking

counselor and for misrepresenting the success of its program.  Because Civigenics and its

employees are employed by the State of Delaware to provide treatment to inmates they are state

actors.  As a result, for the purposes of § 1983 Civigenics acts under color of state law.

*Hamilton v. Civigenics*, No. 03-826-GMS, 2005 WL 418023, at * 5  (D.Del. Feb. 22, 2005)

(citing  *West v. Atkins*, 487 U.S. 42, 48-54 (1988).  This court has previously determined that

Civigenics as a state actor, has not waived sovereign immunity to suits in federal court. *Id.*

(citing *Ospina v. Department of Correction*, 749 F.Supp. 572, 579 (D.Del. 1991).  Accordingly,

it is immune from suit under § 1983.  The claims against Civigenics, therefore, are dismissed.

## IV.     CONCLUSION

For the above stated reasons, the court finds that the claims against Civigenics are

factually and legally frivolous making its dismissal appropriate.  Castillo is allowed to proceed

with his claims against Costan and Dawkins.   An appropriate order will be entered.

UNITED STATES DISTRICT JUDGE

March 31, 2006
Wilmington, Delaware

5

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

RICARDO A. CASTILLO,        )
                              )
       Plaintiff,         )
                              )
     v.                 )  Civ. No. 04-210-GMS
                              )
FRANK COSTAN, VIDA DAWKINS,  )
and CIVIGENICS PROGRAM,     )
                              )
       Defendants.      )

**ORDER**

At Wilmington this _31st_ day of March, 2006, for the reasons set forth in the

Memorandum issued this date,

1.       The clerk of the court shall cause a copy of this order to be mailed to plaintiff.

2.       The orders dated January 17, 2006 and March 30, 2006  (D.I. 12) are VACATED.

3.       The claims against Civigenics Program are DISMISSED without prejudice

pursuant to 28 U.S.C. § 1915(e)(2)(B)  and § 1915A(b)(1).

4.       Pursuant to Fed. R. Civ. P. 4(c)(2) and (d)(2), plaintiff shall complete and return

to the Clerk of the Court an **original** "U.S. Marshal-285" form for **defendants Frank Costan**

**and Vida Dawkins,** as well as for the Attorney General of the State of Delaware, 820 N.

FRENCH STREET, WILMINGTON, DELAWARE, 19801, pursuant to DEL. CODE ANN. tit. 10

§ 3103(C).  Castillo has provided the court with one copy of the complaint for service upon each

of the defendants.  Plaintiff is notified that the United States Marshal will not serve the complaint

until all "U.S. Marshal 285" forms have been received by the Clerk of the Court.  Failure to

provide the "U.S. Marshal 285" forms for the defendant(s) and the attorney general within 120

days from the date of this order may result in the complaint being dismissed or defendant(s)

being dismissed pursuant to Federal Rule of Civil Procedure 4(m).

     5.     Upon receipt of the form(s) required by paragraph 4 above, the United States

Marshal shall forthwith serve a copy of the complaint, this order, a "Notice of Lawsuit" form, the

filing fee order(s), and a "Return of Waiver" form upon the defendant(s) identified in the 285

forms.

     6.     Within **thirty (30) days** from the date that the "Notice of Lawsuit" and "Return of

Waiver" forms are sent, if an executed "Waiver of Service of Summons" form has not been

received from a defendant, the United States Marshal shall personally serve said defendant(s)

pursuant to Fed. R. Civ. P. 4(c)(2) and said defendant(s) shall be required to bear the cost related

to such service, unless good cause is shown for failure to sign and return the waiver.

     7.     Pursuant to Fed. R. Civ. P. 4(d)(3), a defendant who, before being served with

process timely returns a waiver as requested, is required to answer or otherwise respond to the

complaint within **sixty (60) days** from the date upon which the complaint, this order, the "Notice

of Lawsuit" form, and the "Return of Waiver" form are sent.  If a defendant responds by way of a

motion, said motion shall be accompanied by a brief or a memorandum of points and authorities

and any supporting affidavits.

     8.     No communication, including pleadings, briefs, statement of position, etc., will be

considered by the court in this civil action unless the documents reflect proof of service upon the

parties or their counsel.

     9.     **NOTE:** *** When an amended complaint is filed prior to service, the court will

**VACATE** all previous Service Orders entered, and service **will not take place**.  An amended

complaint filed prior to service shall be subject to re-screening pursuant to 28 U.S.C. §1915(e)(2) and § 1915A(a). **\***

      10.    **NOTE:** **\*** Discovery motions and motions for appointment of counsel filed prior to service will be dismissed without prejudice, with leave to refile following service. **\***

UNITED STATES DISTRICT JUDGE