IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| **RICARDO CASTILLO,** | : | CIVIL ACTION NO. 04-210 GMS |
| | : | |
| **Plaintiff** | : | |
| v. | : | DEMAND JURY OF 12 |
| **FRANK COSTON and** | : | |
| **VIDA DAWKINS** | : | |
| | : | |
| | : | |
| **Defendants** | : | |

### MOTION TO DISMISS OF DEFENDANTS
### FRANK COSTON AND VIDA DAWKINS
### PURSUANT TO F.R.C.P. 12(b)(6)

Defendants, Frank Coston and Vida Dawkins, by and through their counsel, Reger & Rizzo and Deasey Mahoney & Valentini, Ltd., hereby move this Court, pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure for a dismissal of Plaintiff's Complaint.

In support of this Motion, the Coleman Defendants incorporate by reference the attached Memorandum of Law.

                                                                       Respectfully submitted,

                                                                       REGER RIZZO KAVULICH & DARNALL LLP

                                                                        /s/ *Michael L. Ripple*
                                                                       Michael L. Ripple, Esquire
                                                                       I.D. No.  3993
                                                                       1001 Jefferson Ave., Suite 202
                                                                       Wilmington, DE 19801
                                                                       Attorney for Defendants

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| RICARDO CASTILLO, | : | CIVIL ACTION NO. 04-210 GMS |
| | : | |
| Plaintiff | : | |
| v. | : | DEMAND JURY OF 12 |
| FRANK COSTON and | : | |
| VIDA DAWKINS | : | |
| | : | |
| | : | |
| Defendants | : | |

**MEMORANDUM OF LAW IN SUPPORT OF DEFENDANTS'
MOTION TO DISMISS PURSUANT TO F.R.C.P. 12 (b)(6)**

**I.   INTRODUCTION**

This is a *pro se* inmate Section 1983 case in which Plaintiff, Ricardo Castillo, filed a First Amendment right of free speech and retaliation claim against various Defendants, including Defendants Frank Coston and Vida Dawkins (collectively "Defendants"), based on actions taken during his confinement.

**II.   FACTS**

In summary, and without admitting same, Plaintiff seeks to assert liability against Supervisor Frank Coston and Counselor Vida Dawkins, both of Civigenics, for an alleged violation of his First Amendment right to free speech and claimed retaliation for exercising this right to free speech, also pursuant to the First Amendment. Plaintiff's complaint centers on alleged actions of ongoing racial disparities during his period of incarceration. Specifically, he references a December 2003 altercation between a Black and Hispanic inmate. Castillo states that he spoke out on behalf of the Hispanic inmate and was subsequently punished for it by being "sent to the hole" two days after he spoke out. He claims that this action by Defendants violated his First Amendment rights.

2

### III. LEGAL ANALYSIS

#### A. Legal Standard

The purpose of a motion to dismiss filed pursuant to Federal Rule of Civil Procedure Rule 12(b)(6) is to test the sufficiency of a complaint, not to resolve disputed facts or decide the merits of the case. Kost v. Kozakiewicz, 1 F.3d 183 (3d Cir. 1993). In particular, the Court looks to "whether sufficient facts are pleaded to determine that the complaint is not frivolous, and to provide defendants with adequate notice to frame an answer." Colburn v. Upper Darby Township, 838 F.2d 663, 666 (3rd Cir. 1988). However, the Court need not "credit a complaint's 'bald assertions' or 'legal conclusions' when deciding a motion to dismiss." Morse v. Lower Merion School District, 132 F.3d 902, 906 (3rd Cir. 1997).

In determining whether a motion to dismiss should be granted, a district court must accept as true "all factual allegations in the Complaint and all reasonable inferences that can be drawn from them." Ransom v. Marrazzo, 848 F.2d 398, 401 (3rd Cir. 1988). The court should grant the motion to dismiss if "no relief could be granted under any set of facts which could be proved." Id. (Citing D.P. Enterprises v. Bucks County Community College, 725 F.2d 943, 944 (3rd Cir. 1984)). Should no appropriate relief exist, Federal Rule of Civil Procedure Rule 12(b)(6) authorizes a court to dismiss a claim on the basis of a dispositive issue of law. Thomas v. Ford Motor Company, 70 F.Supp.2d 521 (E.D. 1999) (citing Neitzke v. Williams, 490 U.S. 319, 326-327 (1989).

Defendants assert that Plaintiff's Complaint and Amended Complaint fail to state a claim upon which relief may be granted and, therefore, Plaintiff's claims should be dismissed as a matter of law.

## B. Plaintiff Failed to Exhaust His Administrative Remedies As Required By The Prison Litigation Reform Act

Pursuant to the Prison Litigation Reform Act, prisoners must exhaust "such administrative remedies as are available" before bringing actions "with respect to their prison conditions." 42 U.S.C. § 1997e(d)(2). In an opinion authored by Justice Ginsburg, the United States Supreme Court held that this exhaustion requirement applies to all inmate suits seeking redress for prison circumstances or occurrences, whether the suits involved general circumstances or particular episodes, and whether the suits alleged excessive force, actual physical prison conditions, or some other alleged wrongdoing. Correction Officer Porter, et. al. v. Nussle, 534 U.S. 516 (2002). The exhaustion requirement is mandatory. Id. Moreover, *exhaustion* of administrative remedies means completing all available appeals, even if prison officials do not respond. See Davis v. Warman, et. al., 49 Fed. Appx. 365, 366 (3d Cir. 2002); Brown v. Morgan, F.3d 595, 596 (6th Cir. 2000)(emphasis added).

Even assuming the facts as alleged by Plaintiff are true for purposes of this motion only, without Defendants admitting same, Plaintiff fails to allege any facts from which this Court can determine whether, via appeal or otherwise, he has exhausted his remedies pursuant to the Prison Litigation Reform Act. What is missing from Plaintiff's Complaint are any allegations involving determinations of initial grievances, any factual basis that he attempted to appeal the grievances he filed, or, any facts to demonstrate that Plaintiff pursued grievances for which he claims he did not obtain a response from Defendants. Such a failure to include these facts is fatal to Plaintiff's case insofar as it evidences a clear failure to comply with the administrative procedures requirement of the Prison Litigation Reform Act when such procedures exist. Therefore, based upon the facts alleged in the Complaint, and likewise considering those facts missing from the Complaint, the evidence is clear that Plaintiff has failed to pursue and exhaust all administrative

remedies available to him. Accordingly, having failed to exhaust all these remedies, including administrative appeals, Plaintiff's claims must be dismissed as a matter of law. See Davis, supra.

## IV. CONCLUSION

For all the forgoing reasons, Defendants respectfully request that Plaintiff's Complaint be dismissed as a matter of law.

Respectfully submitted,

REGER RIZZO KAVULICH & DARNALL LLP


/s/ *Michael L. Ripple*
Michael L. Ripple, Esquire
I.D. No.  3993
1001 Jefferson Ave., Suite 202
Wilmington, DE 19801
Attorney for Defendants

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| **RICARDO CASTILLO,** | : | CIVIL ACTION NO. 04-210 GMS |
| Plaintiff | : | |
| v. | : | DEMAND JURY OF 12 |
| **FRANK COSTON and** | : | |
| **VIDA DAWKINS** | : | |
| | : | |
| Defendants | : | |

## **ORDER**

AND NOW, this ____ day of _____, 2007, upon consideration of the Motion to Dismiss of Defendants Frank Coston and Vida Dawkins, and Plaintiff's response thereto, if any, it is hereby ORDERED and DECREED that said Motion is GRANTED and Plaintiff's Complaint is dismissed with prejudice.

BY THE COURT:

_____

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| **RICARDO CASTILLO,** | : | CIVIL ACTION NO. 04-210 GMS |
| Plaintiff | : | |
| v. | : | DEMAND JURY OF 12 |
| **FRANK COSTON and** | : | |
| **VIDA DAWKINS** | : | |
| Defendants | : | |

### CERTIFICATE OF SERVICE

I, Michael L. Ripple, Esquire, do hereby certify that copies of the foregoing Motion to Dismiss were served by First Class Mail, postage prepaid on the following Pro se Plaintiff on July 16, 2007:

Ricardo Castillo
30 Winterhaven Dr.
Apt. 7
Newark, DE 19701
Pro Se

REGER RIZZO KAVULICH & DARNALL, LLP

/s/ Michael L. Ripple
MICHAEL L. RIPPLE, ESQUIRE
I.D. No. 3993
1001 Jefferson Street, Suite 202
Wilmington, DE 19801
(302)652-3611
Attorney for Defendants