IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| RICARDO A. CASTILLO, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Civ. Action No. 04-210-GMS |
| | ) |
| SUPERVISOR FRANK COSTAN and | ) |
| COUNSELOR VIDA DAWKINS, | ) |
| | ) |
| Defendants. | ) |

**MEMORANDUM**

**I. INTRODUCTION**

The plaintiff, Ricardo A. Castillo ("Castillo"), a former inmate who was housed at the Howard R. Young Correctional Institution ("HRYCI"), Wilmington, Delaware, filed this civil rights action pursuant to 42 U.S.C. § 1983. He alleges that the defendants, Supervisor Frank Costan ("Costan") and Counselor Vida Dawkins ("Dawkins") violated his right to free speech and retaliated against him for exercising this right, pursuant to the First Amendment. Pending before the court is the defendants' motion to dismiss the complaint on that basis that Castillo failed to exhaust his administrative remedies. (D.I. 24.) Castillo did not respond to the motion.

**II. STANDARD OF REVIEW**

Rule 12(b)(6) permits a party to move to dismiss a complaint for failure to state a claim upon which relief may be granted. Fed. R. Civ. P. 12(b)(6). The court must accept all factual allegations in a complaint as true and take them in the light most favorable to plaintiff. *Erickson v. Pardus*, –U.S.–, 127 S.Ct. 2197, 2200 (2007); *Christopher v. Harbury*, 536 U.S. 403, 406 (2002). A complaint must contain "'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the . . . claim is

and the grounds upon which it rests.'" *Bell Atl. Corp. v. Twombly*, –U.S.–, 127 S.Ct. 1955, 1964 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)); Fed. R. Civ. P. 8. A complaint does not need detailed factual allegations, however "a plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Id.* at 1965 (citations omitted). The "[f]actual allegations must be enough to raise a right to relief above the speculative level on the assumption that all of the allegations in the complaint are true (even if doubtful in fact)." *Id.* (citations omitted). Plaintiff is required to make a "showing" rather than a blanket assertion of an entitlement to relief. *Phillips v. County of Allegheny*, No. 06-2869, 2008 WL 305025, at *5 (3d Cir. 2008). "[W]ithout some factual allegation in the complaint, a claimant cannot satisfy the requirement that he or she provide not only "fair notice," but also the "grounds" on which the claim rests. *Id.* (citing *Twombly*, 127 S.Ct. at 1965 n.3.) Therefore, "'stating . . . a claim requires a complaint with enough factual matter (taken as true) to suggest' the required element." *Phillips v. County of Allegheny*, 2008 WL 305025, at *6 (quoting *Twombly*, 127 S.Ct. at 1965 n.3.) "This 'does not impose a probability requirement at the pleading stage,' but instead 'simply calls for enough facts to raise a reasonable expectation that discovery will reveal evidence of' the necessary element." *Id.* Because Wyant proceeds *pro se*, his pleading is liberally construed and his complaint, "however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, –U.S.–, 127 S.Ct. 2197, 2200 (2007) (citations omitted).

### III. DISCUSSION

The defendants contend that the court must dismiss this case because Castillo failed to

exhaust his administrative remedies. The basis for their position is that the complaint does not contain any "allegations involving determinations of initial grievances, any actual basis that [Castillo] attempted to appeal the grievances he filed, or, any facts to demonstrate that [Castillo] pursued grievances for which he claims he did not obtain a response from [d]efendants." (D.I. 24 at 4.) The defendants posit this is fatal to Castillo's case insofar as it evidences a clear failure to comply with the administrative process requirement under the Prison Litigation Reform Act ("PLRA"), 42 U.S.C. § 1997e(a).

The PLRA provides that "[n]o action shall be brought with respect to prison conditions under section 1983 or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a); *see Porter v. Nussle*, 534 U.S. 516, 532 (2002) ("[T]he PLRA's exhaustion requirement applies to all inmate suits about prison life, whether they involve general circumstances or particular episodes, and whether they allege excessive force or some other wrong."). Because an inmate's failure to exhaust under PLRA is an affirmative defense, the inmate is not required to specially plead or demonstrate exhaustion in his complaint. *Jones v. Bock*, –U.S.–, 127 S.Ct. 910 (2007). Failure to exhaust administrative remedies must be pled and proved by the defendant. *Ray v. Kertes*, 285 F.3d 287, 295 (3d Cir. 2002).

Under § 1997e(a), "an inmate must exhaust [administrative remedies] irrespective of the forms of relief sought and offered through administrative avenues." *Booth v. Churner*, 532 U.S. 731, 741 n.6 (2001). Under *Woodford v. Ngo*, 548 U.S. 81, 126 S.Ct. 2378, 2382 (2006), exhaustion means proper exhaustion, that is, "a prisoner must complete the administrative review process in accordance with the applicable procedural rules, including deadlines, as a precondition

to bringing suit in federal court." *Id.* at 2384. As long as there is a shared factual basis between the two, perfect overlap between the grievance and a complaint is not required by the PLRA. *See Woodford*, 126 S.Ct. at 2388. The PLRA does not require the grievance and complaint to be identical because inmates are required to complete the applicable administrative prison (such as a grievance procedure) even when seeking a form of relief that the prison cannot provide, so long as the prison can afford some sort of relief. *See Booth v. Churner*, 532 U.S. 731 (2001).

With regard to the grievance procedure Castillo stated in his complaint that he wrote to internal affairs and to the director of CiviGenics and internal affairs then conducted an investigation. Granted, the complaint does not specifically plead exhaustion of administrative remedies. The burden, however, lies with the defendants, not with Castillo, to prove exhaustion. Castillo did not, and he is not required to, specially plead or demonstrate exhaustion in his complaint, and the defendants cannot rely upon Castillo's allegations to support their position of no exhaustion. Notably, Castillo does not state that he did not exhaust his administrative remedies. Based upon the foregoing, the court will deny the defendants' motion to dismiss on the basis of failure to exhaust administrative remedies.

## IV. CONCLUSION

Based upon the foregoing analysis, the court will deny the defendants' motion to dismiss for failure to exhaust his administrative remedies. (D.I. 24.) An appropriate order will be entered.

_____
CHIEF, UNITED STATES DISTRICT JUDGE

Feb 11, 2008
Wilmington, Delaware



FILED
FEB 11 2008
U.S. DISTRICT COURT
DISTRICT OF DELAWARE

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| RICARDO A. CASTILLO, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Civ. Action No. 04-210-GMS |
| | ) |
| SUPERVISOR FRANK COSTAN and | ) |
| COUNSELOR VIDA DAWKINS, | ) |
| | ) |
| Defendants. | ) |

**ORDER**

At Wilmington this 11th day of Feb, 2008, for the reasons set forth in the Memorandum issued this date, the defendants' motion to dismiss is **DENIED**. (D.I. 24.)

CHIEF, UNITED STATES DISTRICT JUDGE

FILED

FEB 11 2008

U.S. DISTRICT COURT
DISTRICT OF DELAWARE