IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| RICARDO CASTILLO, | : | CIVIL ACTION NO. 04-210 GMS |
|---|---|---|
| Plaintiff | : | |
| v. | : | DEMAND JURY OF 12 |
| FRANK COSTON and VIDA DAWKINS | : | |
| Defendants | : | |

**ANSWER WITH AFFIRMATIVE DEFENSES
OF DEFENDANTS FRANK COSTAN AND VIDA DAWKINS TO PLAINTIFF
RICARDO CASTILLO'S CIVIL ACTION COMPLAINT**

Defendants, Frank Costan and Vida Dawkins, ("Defendants") by and through their undersigned counsel, hereby answer Plaintiff's Complaint as follows:

### I. PREVIOUS LAWSUITS

[A-B] [1-7] Denied. After reasonable investigation, Defendants are without information sufficient to form a belief as to whether any prior lawsuits have been filed or not.

### II. PRISON GRIEVANCE PROCEDURE

[A-F] Denied. Plaintiff has failed to aver all the administrative remedies available to him and whether Plaintiff specifically exhausted said administrative remedies. To the extent that such failure to aver constitutes a denial of any available administrative remedies, such averment is denied. Additionally, to the extent that such failure could be construed to be an averment that Plaintiff availed himself of, and exhausted, the administrative remedies available to Plaintiff, such claim is denied.

### III. PARTIES

a.  Admitted in part, denied in part. Defendants admit only that the Plaintiff is Ricardo Castillo. The remaining averments contained in this paragraph are denied as, after reasonable investigation, Defendant is without information sufficient to form a belief as to the truth of the remaining averments.

b.  Denied as stated. By way of further answer, Defendant Civigenics was dismissed by Court Order on March 31, 2006.

### IV. STATEMENT OF CLAIM

Unnumbered paragraph which covers four (4) pages, Denied. Plaintiff's complaint fails to delineate each averment into separate paragraphs as required by Federal Rule of Civil Procedure 10(b). All the allegations set forth in Plaintiff's "attached complaint" constitute conclusions of law to which no responsive pleading is required. To the extent that the remaining averments contained in this paragraph do not constitute conclusions of law, after reasonable investigation, Defendants are without information sufficient to form a belief as to the truth of the remaining averments contained in this paragraph. By way of further denial, Plaintiff has failed to plead an averment in order to demonstrate this Honorable Court's jurisdiction. Plaintiff has further failed to plead and/or meet the prerequisites established by the Prison Litigation Reform Act. Additionally, Defendants specifically deny that they violated Plaintiff's First Amendment rights and/or retaliated against him for having exercised those rights. At all time material hereto, the Defendants deny any violations of Plaintiff's civil rights.

### V. RELIEF

Denied. These averments are deemed conclusions of law to which no responsive pleading is required. To the extent that the allegations contained in the named paragraph are not

deemed conclusions of law, after reasonable investigation, Defendants are without knowledge or information sufficient to form a belief as to the truth of the averments contained therein. The averments are denied and strict proof thereof is demanded at the time of trial.

## AFFIRMATIVE DEFENSES

### First Affirmative Defense

The Complaint and each cause of action thereof fails to set forth facts sufficient to state a claim upon which relief may be granted against the Defendants and further fails to state facts sufficient to entitle Plaintiff to the relief sought, or to any other relief whatsoever from the Defendants.

### Second Affirmative Defense

Plaintiff has failed to sufficiently plead or prove any physical or emotional damages as a result of the alleged occurrences.

### Third Affirmative Defense

Any of alleged damages sustained by the Plaintiff, which are denied, were caused in whole or in part by the actions of the Plaintiff.

### Fourth Affirmative Defense

The prosecution of this case against the Defendants involves frivolous claims and is arbitrary and vexatious conduct motivated by malice towards the Defendants that entitles the Defendants to attorney's fees under the law.

### Fifth Affirmative Defense

The Defendants assert every defense available to them in the existing Civil Rights Act, 42 U.S.C. §1983 *et seq*.

### Sixth Affirmative Defense

Plaintiff's claims are barred, in whole or in part, by the Prison Litigation Reform Act and his failure to exhaust administrative remedies as required by 42 U.S.C. §1997e(a) *et seq*.

### Seventh Affirmative Defense

Plaintiff assumed the risk of harm as a result of his own conduct.

### Eighth Affirmative Defense

At all times material hereto the Defendants were State Actors.

### Ninth Affirmative Defense

At all times material hereto, the Defendants' actions did not violate Plaintiff's civil rights and specifically, any purported violations of his First Amendment rights.

### Tenth Affirmative Defense

At all times material to the Plaintiff's claims and this litigation, the Defendants acted in a manner which was proper, reasonable, lawful and in the exercise of good faith.

### Eleventh Affirmative Defense

Plaintiff has failed to state a claim pursuant to 42 U.S.C. §1983 upon which relief can be granted.

### Twelfth Affirmative Defense

At all times material hereto, the Defendants' actions were consistent with the laws, rules, regulations, statutes and the Constitution of the United States and the State of Delaware.

### Thirteenth Affirmative Defense

At all times material hereto, Defendants' actions were in compliance with the laws of the State of Delaware.

### Fourteenth Affirmative Defense

Defendants assert that they are entitled to the defense of Qualified Immunity.

### Fifteenth Affirmative Defense

The Defendants assert that they are entitled to the defense of Absolute Immunity.

### Sixteenth Affirmative Defense

The Defendants are immune from the imposition of punitive damages.

### Seventeenth Affirmative Defense

An award of punitive damages claimed and alleged in the Plaintiff's Complaint based upon the actual facts would violate the Defendants' rights under common law, among other reasons, as punitive damages are penal in nature and are tantamount to the imposition of a criminal finding. Any guidelines, standards and/or instructions for the imposition of punitive damages are vague, indefinite and uncertain. Furthermore, these guidelines do not apprise the Defendants of the conduct that will be subject to criminal penalties, and exposes the Defendants to multiple punishments and fines for the same acts, thereby discriminating against the Defendants on the basis of wealth and the fact that different amounts can be awarded for the same acts as Defendants who differ only in material wealth.

### Eighteenth Affirmative Defense

The Defendants require Plaintiff prove his claims for punitive damages, if permissible by law, by a minimum standard of clear and convincing evidence and beyond a reasonable doubt.

### Nineteenth Affirmative Defense

The Defendants expressly reserve the right to assert additional affirmative defenses at such time and to the extent as warranted by discovery and factual developments in this case.

### Twentieth Affirmative Defense

Plaintiff's Complaint fails to plead or prove a legitimate, sufficient and/or viable policy or custom to support liability against the Defendants.

### Twenty-First Affirmative Defense

No act or failure to act on the part of the Defendants violated any constitutional rights of Plaintiff, or specifically violated Plaintiff's right pursuant to the First Amendment of the United States Constitution.

### Twenty-Second Affirmative Defense

At all times material hereto, Plaintiff was afforded all the right, privileges and immunities granted pursuant to the Constitution and the laws of the United States and the State of Delaware.

### Twenty-Third Affirmative Defense

At no time material hereto did the Defendants act in a willful, wanton, reckless and/or malicious manner.

### Twenty-Fourth Affirmative Defense

Plaintiff's claims against the Defendants for purported civil rights violations pursuant to a theory of *Respondeat Superior* are barred in whole or in part. *See* Monell v. Department of Social Services, 98 S.Ct. 2018 (1978).

### Twenty-Fifth Affirmative Defense

Plaintiff's claims are barred pursuant to the doctrine of collateral estoppel and *res judicata*.

**WHEREFORE**, Defendants demand judgment in their favor and against the Plaintiff, along with costs, attorney's fees and such additional relief as is appropriate.

>
> Respectfully submitted,
>
> REGER RIZZO & DARNALL, LLP
>
> BY:   /s/ Michael L. Ripple
> Michael L. Ripple, Esquire
> I.D. No. 3993
> 1001 Jefferson Street, Suite 202
> Wilmington, DE 19801
> (302)652-3611
> (302)652-3620 (fax)
> mripple@regerlaw.com
>
> Attorney for Defendants

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| RICARDO CASTILLO, | : | CIVIL ACTION NO. 04-210 GMS |
|---|---|---|
| Plaintiff | : | |
| v. | : | DEMAND JURY OF 12 |
| FRANK COSTON and VIDA DAWKINS | : : : : | |
| Defendants | : | |

CERTIFICATE OF SERVICE

I, Michael L. Ripple, Esquire, hereby certify that a true and correct copy of an Answer With Affirmative Defenses on behalf of Defendants, Frank Costan and Vida Dawkins, was served this date, via U.S. First Class Mail, to Plaintiff, Ricardo Castillo, *pro se*, addressed as follows:

Mr. Ricardo A. Castillo
30 Winterhaven Drive
Apartment 7
Newark, DE 19702

REGER RIZZO& DARNALL, LLP

BY: /s/ *Michael L. Ripple*
Michael L. Ripple, Esquire
I.D. No. 3993
1001 Jefferson Street, Suite 202
Wilmington, DE 19801
(302)652-3611
mripple@regerlaw.com
Attorney for Defendants

Dated: February 21, 2008