IN THE UNITED STATES DISTRICT COURT
For the District of Delaware

Ricardo A. Castillo, :
:
          Plaintiff :
: Civ. No.: 04-210-GMS
v. :
:
Frank Costan and Vida Dawkins, :
:
          Defendants. :

## MOTION FOR TO DISMISS FOR FAILURE TO PROSECUTE

    Defendants, Frank Costan and Vida Dawkins, by and through its attorneys Reger Rizzo & Darnall, LLP, hereby move this Honorable Court to grant this motion to dismiss Plaintiff's Complaint for a failure to prosecute, and in support of same aver as follows:

    1.    Plaintiff, Ricardo Castillo, is a former inmate of the Howard R. Young Correctional Institution in Wilmington, Delaware (*See* Plaintiff's complaint, attached hereto and marked as Exhibit "A").

    2.    On or about April 6, 2004, Plaintiff filed a handwritten Complaint, *pro se*, against Defendants Frank Costan, Vida Dawkins and the Civigenics Program (a drug rehabilitation program for incarcerated addicts through a contract with the State of Delaware), alleging violations of federal law; i.e. he filed two counts under 42 U.S.C. §1983 for allegations of First Amendment free speech violation and retaliation. (*See* Exhibit A).

    3.    On August 9, 2006, the Court entered an order dismissing the case for Plaintiff's failure to comply with the Court's order to complete and return the USM-285 form so that service could be affected on Defendants. (*See* Court's August 9, 2006 Order, attached hereto and marked as Exhibit "B").

    4.    Thereafter, Plaintiff filed a motion on August 28, 2006 and advised the Court that he had submitted the forms but they were misplaced by the Clerk's Office. He

also requested the Court to re-open the case. (*See* Plaintiff's motion, attached hereto and marked as Exhibit "C").

5. On September 12, 2006, the Court received the forms and on February 6, 2007, the Court granted the Plaintiff's request and re-opened the case.

6. The complaint was served on May 16, 2007 and Defendants filed a Motion to Dismiss on July 16, 2007.

7. Plaintiff did not file a responsive pleading.

8. On February 11, 2008, the Court denied Defendants' Motion to Dismiss.

9. This Court sent a copy of the Order to Plaintiff at his last and only known address of: 30 Winterhaven Drive, Apt. 7, Newark, DE 19702. However, this letter was returned to the Court as "not deliverable as addressed unable to forward". (*See* copy of the returned envelope, attached hereto and marked as Exhibit "D").

10. On February 21, 2008, Defendants filed their Answer with Affirmative Defenses.

11. Thereafter, this Court issued a scheduling order on February 26, 2008 wherein this Court ordered all Discovery to be initiated so that it will be completed on or before August 28, 2008.

12. Since that time, Defendants sent to Plaintiff written discovery on or about April 23, 2008. (A true and correct copy of the discovery requests are marked and attached as Exhibit "E"). Those responses were due on May 26, 2008.

13. Having received no response from Plaintiff, on May 29, 2008, Defendants sent to Plaintiff a letter requesting responses to the discovery requests within ten (10) days by both certified mail and regular mail. (A true and correct copy of said letter is marked and attached as Exhibit "F").

14. As Plaintiff failed to respond, Defendants sent another letter on June 6, 2008 requesting responses to the discovery propounded in April, again by both regular

mail and certified mail. (A true and correct copy of said letter is marked and attached as Exhibit "G").

15.    The letters came back as "Addressee unknown."  (A true and correct copy of the returned letters are marked and attached as Exhibit "H").

16.    To Defendants' knowledge, Plaintiff has failed to inform the Court or the Defendants of any address change as required by law.

17.    In fact, Defendants are unaware of Plaintiff having any interaction with this Court since September 12, 2006.

18.    Given that it has been over three months since the Court issued a scheduling order and the Plaintiff has failed to prosecute his case, and in accordance with Rule 41(b) of the Federal Rules of Civil Procedure, Defendants hereby request that the Court dismiss the case in its entirety against All Defendants.

                          Respectfully Submitted,

                          REGER, RIZZO & DARNALL, LLP

By:    /s/Michael L. Ripple
       Michael L. Ripple, Esquire
       I.D. No.:3993
       1001 Jefferson Street, Suite 202
       Wilmington, DE 19801
       (302) 652-3611
       mripple@regerlaw.com
       Attorneys for Defendants

Dated:  June 25, 2008

IN THE UNITED STATES DISTRICT COURT
For the District of Delaware

| | |
|---|---|
| Ricardo A. Castillo, | : |
|                Plaintiff | : |
| | :   Civ. No.: 04-210-GMS |
| v. | : |
| Frank Costan and Vida Dawkins, | : |
|                Defendants. | : |

**MEMORANDUM OF LAW IN SUPPORT OF DEFENDANTS'
MOTION TO DISMISS FOR FAILURE TO PROSECUTE**

**I.    Background and Procedural History**

Plaintiff, Ricardo Castillo, is a former inmate of the Howard R. Young Correctional Institution in Wilmington, Delaware (*See* Exhibit A).  On or about April 6, 2004, Plaintiff filed a handwritten Complaint, *pro se*, against Defendants Frank Costan, Vida Dawkins and the Civigenics Program (which is a drug rehabilitation program for incarcerated addicts through a contract with the State of Delaware), alleging violations of federal law; i.e., he filed two counts under 42 U.S.C. §1983, alleging violations of the First Amendment under the context of free speech violation and retaliation. (*See* Exhibit A.).

The Complaint roughly alleges the following facts: On December 23, 2003 two inmates, one Hispanic and one Black, engaged in an altercation that lead to the two inmates being separated. (*See* Exhibit A).   Plaintiff alleges that he took the Hispanic inmate to his cell and stayed with him while he "cooled off". (*See* Exhibit A). He alleges that Dawkins, who was sent to investigate the matter, did not attempt to find out the Hispanic man's version and that she sided with the Black inmate. (*See* Exhibit A).  He alleges that punishment was only given to the Hispanic inmate. (*See* Exhibit A).   When Castillo learned of this, he protested and Plaintiff alleges that Dawkins yelled at him.

(*See* Exhibit A). Plaintiff further alleges that Costan was aware of the on-going racial disparities but covered it up and threatened inmates with "30 days" if it was mentioned to the Department of Correction. (*See* Exhibit A). Plaintiff also makes allegations of crack cocaine smoking and cigarette and porn sales. (*See* Exhibit A). He alleges that he submitted written complaints regarding these activities but they disappeared and that Costan tried to "shut him up". (*See* Exhibit A). Plaintiff alleges that because he stood up for what he believed in, he was accused of being a threat. (*See* Exhibit A). Plaintiff alleges that his First Amendment right to free speech was violated because he voiced his beliefs. (*See* Exhibit A). Finally, he alleges that he was "sent to the hole" on December 24, 2003 in retaliation for his complaints. (*See* Exhibit A).

The complaint was served on Defendants on May 16, 2007 and Defendants filed a Motion to Dismiss on July 16, 2007. Plaintiff did not file a responsive pleading. On February 11, 2008, the Court denied Defendants' Motion to Dismiss. The Court sent a copy of the Order to Plaintiff at his last and only known address of: 30 Winterhaven Drive, Apt. 7, Newark, DE 19702. This letter was returned to the Court as "not deliverable as addressed unable to forward". (*See* Exhibit D). On February 21, 2008, Defendants filed their Answer with Affirmative Defenses. Thereafter, this Court issued a scheduling order on February 26, 2008 wherein this Court ordered all Discovery to be initiated so that it will be completed on or before August 28, 2008. Since that time, Defendants sent to Plaintiff written discovery on or about April 23, 2008. (*See* Exhibit "E"). Those responses were due on May 26, 2008. Having received no response from Plaintiff, on May 29, 2008, Defendants sent to Plaintiff a letter requesting responses to the discovery requests within ten (10) days by both certified mail and regular mail. (*See* Exhibit F). As Plaintiff failed to respond, Defendants sent another letter on June 6, 2008 requesting responses to the discovery propounded in April, again by both regular mail and certified mail. (*See* Exhibit G). The certified letter came back as "Addressee

unknown." (See Exhibit H). Plaintiff has failed to inform the Court or the Defendants of any address change as required by law. In fact, Defendants are unaware of Plaintiff having any interaction with this Court since September 12, 2006. Given that it has been over three months since the Court issued a scheduling order and the Plaintiff has failed to prosecute his case, and in accordance with Rule 41(b) of the Federal Rules of Civil Procedure, Defendants hereby request that the Court dismiss the case in its entirety against All Defendants.

> II.    **Legal Argument**

Rule 41(b) of the Federal Rules of Civil Procedure allows a court to dismiss an action for the failure to prosecute or comply with an order of the court. See Workman v. Biles, 2004 U.S. Dist. LEXIS 4948 (D. Del. Mar. 18, 2004)(dismissing Plaintiff's § 1983 action for a failure to prosecute); Williams v. Faulkner, 1998 U.S. Dist. LEXIS 7916 (N.D.N.Y. May 1998)(Pooler, DJ). Further, Delaware Local RULE 41.1. Dismissal for Failure to Prosecute, expands on Federal Rule 41(b) and states:

> Subject to the provisions of Fed. R. Civ. P. 23 and 23.1, in each case pending wherein no action has been taken for a period of 3 months, the Court may, on its motion or upon application of any party, and after reasonable notice and opportunity to be heard, enter an order dismissing such case unless good reason for the inaction is given. After any such application or notice from the Court, no application for a continuance or any proceeding taken under the discovery rules shall be deemed to toll the operation of this Rule.

As such, a petitioner's failure to notify the court of an address change can be a ground for dismissal. See Williams, 177 F.R.D. at 127.

In Workman, this Court applied a six factor analysis to analyze a motion to dismiss under Rule 41(b) of the Federal Rules of Civil Procedure. See 2004 U.S. LEXIS at *3; citing Poulis v. State Farm Cas. Co., 747 F.2d 863, 868 (3rd Cir. 1998). Specifically, the Court must consider: 1) the extent of the party's personal responsibility;

2) the prejudice to the adversary; 3) a history of dilatoriness; 4) whether the conduct of the non-moving party was in bad faith or willful; 5) the effectiveness of other sanctions; and 6) the meritoriousness of the underlying claim.  See id.

In light of the foregoing analysis, Defendants contend that "[l]itigants have a continuing obligation to keep the court informed of any change of address that may occur during the pendency of an action." Michaud v. Williams, 1999 U.S. Dist. LEXIS 23063, (N.D.N.Y. Nov. 1999); Fenza v. Conklin, 177 F.R.D. 126 (N.D.N.Y.1998) (Pooler, J.). Notification to the Court and opposing counsel of a new address is essential for the orderly disposition of cases. See Id. at 127 (citations omitted).  Accordingly, if Plaintiff fails to notify the Court of his new address, it is recommended that the complaint be dismissed for this reasons. See Shaheen v. Hollins, 2005 U.S. Dist. LEXIS 32318 (N.D.N.Y Sept. 7, 2005).  Moreover, Defendants contend that Plaintiff has established a greater failure to either follow this Court's Orders or engage in any meaningful actions to move the case towards resolution.  Plaintiff has failed to have any interaction with this Court since September 12, 2006.  He has failed to serve discovery.  He has failed to respond to discovery.  He failed to file a responsive pleading to Defendants' Motion to Dismiss.  In sum, Plaintiff has evidenced an "I don't care attitude" towards the prosecution of his claim.  Given this level of inactivity and inattentiveness, brought about solely by the inactions of Plaintiff, no lesser sanction other than dismissal is warranted.

As the Court held in Workman, a plaintiff's failure to comply with court orders can provide a basis for dismissal under Rule 41(b).  Given that it has been over three months since the Court issued a scheduling order, over eighteen months since the Plaintiff last contacted this Court, and the fact Plaintiff has completely failed to prosecute his case or to inform the Court of any address change, Plaintiff's case should be dismissed with prejudice in its entirety and in accordance with Rule 41(b) of the Federal Rules of Civil Procedure and local Rule 41.1.

III. **Conclusion**

 For all the forgoing reasons, Defendants respectfully request that Plaintiff's Complaint be dismissed as a matter of law.

 Respectfully Submitted,

 REGER, RIZZO & DARNALL, LLP

 By: /s/Michael L. Ripple
 Michael L. Ripple, Esquire
 I.D. No.:3993
 1001 Jefferson Street, Suite 202
 Wilmington, DE 19801
 (302) 652-3611
 mripple@regerlaw.com
 Attorney for Defendants

Dated: June 25, 2008

IN THE UNITED STATES DISTRICT COURT
For the District of Delaware

| | |
|---|---|
| Ricardo A. Castillo | : |
| Plaintiff, | : |
| | : Civ. No.: 04-210-GMS |
| v. | : |
| Frank Costan and Vida Dawkins, | : |
| Defendants. | : |

### CERTIFICATE OF SERVICE

I, Michael L. Ripple, Esquire, hereby certify that a true and correct coy of Defendants' Motion to Dismiss was served this date, via U.S. First Class mail, to Plaintiff, Ricardo Castillo, *pro se,* addressed to his last known address as follows:

Mr. Ricardo Castillo
30 Winterhaven Drive
Apartment 7
Newark, DE 19702

REGER, RIZZO & DARNALL, LLP

By: /s/ Michael L. Ripple
Michael L. Ripple, Esquire
I.D. No.: 3993
1001 Jefferson Street, Suite 202
Wilmington, DE 19801
(302) 652-3611
mripple@regerlaw.com
Attorney for Defendants

Dated: June 25, 2008